HERMAN L. PAUL, Individually and as Guardian ad Litem of ROBERT E. PAUL, an Infant, Plaintiffs, *v.* HOWARD ULRICH et al., Defendants.

City Court of New Rochelle, June 14, 1948.

*Louis J. Eitler* and *David Klibanow* for plaintiffs.

*Seymour Robinowitz* for John J. Sculletti, defendant.

Rubin, J. The infant plaintiff sues by his father and guardian ad litem for damages by reason of personal injuries sustained by him when struck by a vehicle owned by the defendant, Sculletti, and operated by the defendant, Ulrich. The father sues upon his separate cause of action for loss of his son's services and for medical and incidental expense incurred in having the son's injuries treated.

The defendant operator has defaulted in this action and the defendant owner disclaims liability on the theory that while he gave permission for the use of his car it was a limited permission with respect to territory and purpose in which and for which the car was to be operated by Ulrich for Ulrich's own purposes and that those conditions were breached by Ulrich, thereby relieving the owner of liability under section 59 of the Vehicle and Traffic Law. The defendant owner also argues that no negligence on the part of the operator is established. No question of contributory negligence is raised.

The uncontradicted testimony with respect to the occurrence is that the infant plaintiff was riding his bicycle along Weaver Street after dark with a light showing on the bicycle; that he was proceeding not only at the extreme right of the roadway but off the traveled portion thereof and that the vehicle of the defendants, traveling in the same direction and from the rear, overtook the plaintiff, striking the bicycle, throwing the infant plaintiff to the roadway and injuring him. No horn was blown to warn the infant plaintiff of the oncoming vehicle and no reason is presented to account for the failure of Ulrich to see the infant plaintiff and the bicycle, both of which were in full view on the highway and for the failure to avoid striking him.

On the issue of negligence, the court finds that sufficient is presented to justify the finding of negligence against the operator of the vehicle in the absence of any contradicting testimony.

As for the liability of the owner for Ulrich's acts, while there is some testimony presented in an attempt to substantiate the defense, there is testimony in the record which indicates that when Ulrich asked for the use of the car which had been accorded him on three or four prior occasions, while he suggested the purpose for which he wanted it, there was no restriction imposed upon him in that use so as to justify this court's finding that there was not such a permission as is contemplated by section 59

of the Vehicle and Traffic Law which was broad enough to fasten liability on the owner.

This court accordingly finds against both defendants upon both causes of action. The infant's damages are fixed at $1,500 and damages are awarded to the father upon his separate cause of action in the sum of $905, each together with the taxable costs and disbursements.

Let judgment be entered accordingly.